

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2002

# USA v. Fleming

Precedential or Non-Precedential:

Docket 1-2153

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Fleming" (2002). *2002 Decisions.* Paper 138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-2153

UNITED STATES OF AMERICA


v.

JOHN FLEMING,

Appellant


On Appeal From the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 99-cr-00593
District Judge: Hon. J. Curtis Joyner

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2002

Before: BECKER, McKEE & BARRY, Circuit Judges

MEMORANDUM OPINION
( Filed:  February 20, 2002)


McKEE, Circuit Judge.
    John Fleming appeals the sentence imposed after he pled guilty to violations of 18
U.S.C.    2252(a)(2), and (a)(4).  He argues that the district court erred in failing to credit
him with a three point reduction in sentence pursuant to U.S.S.G. 3E1.1(a) and U.S.S.G.
  3E1.1(b)(2).  For the reasons that follow, we will affirm.
    Inasmuch as we write only for the parties, we need not set forth the facts and
circumstances underlying this appeal except insofar as it is helpful to our brief discussion.
The defendant asserts that the district court erred in considering conduct that he engaged
in after entering a plea.  He stresses that the conduct may have been distasteful, vulgar,
and even reprehensible, but that it was not unlawful.  He argues that the "government's
suggestion that the Appellant should lose acceptance points because a third party mailed
Appellant 'objectionable material' flies in the fact of common sense." [sic] Appellant's
Br. at 14.  The defendant concedes that a court may rely upon post-indictment unlawful

conduct in determining whether to grant 3E1.1 reduction for acceptance of
responsibility, quoting Ceccarini 98 F.3d at 130, but argues that the district court erred in
relying upon lawful conduct to deny a reduction in sentence.  We disagree.

A district court has substantial discretion in determining whether or not a
downward departure is appropriate under the sentencing guidelines.  Koon v. United
States, 518 U.S. 81 (1996).  Under 3E1.1(a) a defendant is entitled to a reduction in
sentence if he or she "clearly demonstrates acceptance of responsibility. . . ."  Despite
defendant's protestation to the contrary, the issue here is not the legality of the
defendant's behavior, but the significance of that behavior insofar as it reflected upon his
purported remorse and "acceptance of responsibility" for his offense.  We need not
comment on the defendant's argument that he ought not to be punished for materials
which he received from third parties because the district court's sentence is more than
justified by the content of materials which the defendant himself sent to others.

The evidence that the government introduced at sentencing included numerous
letters which evidenced a total absence of remorse and no acceptance of responsibility
whatsoever beyond the simple fact of the plea agreement itself.  However, "entry of a
guilty plea does not entitle a defendant to a 3E1.1 reduction as 'a matter of right.'"
U.S.S.G. 3E1.1, Application Note 3.  The sentencing court correctly determined that
defendant's letters painted a much clearer picture of his remorse and acceptance of
responsibility than his guilty plea.  In one such letter, dated November 8, 2000, the
defendant expressed his gratitude for materials containing the kind of references to
children that had led to his prosecution in the first place.  He also spoke of how he missed
the "good old days," of having sex with children. App. 106-107a.  Indeed, given the
quality and quantity of the proof which the government introduced in opposition to a
downward departure, defendant's argument on appeal is specious at best.

The defendant has also filed a pro se brief in which he raises several arguments in
addition to the argument raised by counsel.  However, "[e]xcept in cases in which
counsel has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967),

parties represented by counsel may not file a brief pro se." 3rd Cir. LAR 31.3 (2002).

Accordingly, we would usually ignore the numerous assertions raised only in Fleming's pro se brief. See United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993). Here, however, we will depart from that practice because the government concedes that one of the arguments raised in the pro se brief warrants remand for resentencing. Accordingly, we will briefly address that argument.

In "Argument Four" of his brief, the defendant appears to argue that the district court erred in imposing a sentence of 86 months under Count II (charging possession of child pornography in violation of 18 U.S.C. 2252(a)(4)) because the maximum is only five years. The government interprets this argument the same way we do, and agrees that the district court erred. The government asserts that, inasmuch as the defendant also received a concurrent sentence of 86 months on Count I of the indictment for violating 18 U.S.C. 2252(a)(2) (receiving child pornography), we should remand to allow the court to correct the sentence on Count II. The defendant and the government are both wrong, and remand is not necessary.

Prior to October 30, 1998, 2252(b)(2) provided that a person who violated 2252(a)(4) and had a prior conviction "relating to the possession of child pornography," could receive an enhanced sentence of "not less than 2 years nor more than 10 years." 18 U.S.C. 2252(b)(2). In 1985, Fleming confessed to sodomizing a 10 year old boy and pled guilty to "Sodomy in the First Degree," in state court in Delaware. However, that conviction would not have justified an enhancement to his current sentence because it was obviously not a conviction "relating to the possession of child pornography."

However, that enhancement was amended as of October 30, 1998. The amended provision allows for a maximum sentence of 10 years under 2252(a)(4) when a defendant has a prior conviction "relating to . . . abusive sexual conduct involving a minor . . . ." Fleming was arrested on February 5, 1999, after that amendment became effective. He is therefore subject to 10 year maximum sentence, and the district court properly imposed a sentence that did not exceed that statutory maximum.

Accordingly, we will affirm the judgment of sentence imposed by the district

court.

TO THE CLERK:

    Please file the forgoing opinion.

                        By the court,

                        /s/ Theodore A. McKee
                        Circuit Judge